## 6103. Riverside Mills v. Wyofski.

Broyles, J. 1. The bill of exceptions contains the following assignment of error: "At the conclusion of the introduction of the aforesaid testimony by the plaintiff, defendant moved the court to grant a nonsuit, which the court refused. After said refusal of the court to order a nonsuit the trial proceeded with introduction of evidence by defendant and by plaintiff in rebuttal. A verdict and judgment were rendered in favor

of the plaintiff. To the action of the court after its refusal to order a nonsuit, in permitting the trial to proceed, and in allowing said verdict and judgment to be rendered, the defendant excepted, now excepts, and assigns the same as error, upon the ground that the refusal to order a nonsuit being erroneous and necessarily controlling in effect, all subsequent proceedings in the case were vitiated and rendered illegal thereby, and were contrary to law." Section 6183 of the Civil Code of 1910 provides that "it shall be unlawful for the Supreme Court of Georgia to dismiss any case for any want of technical conformity to the statutes or rules regulating the practice in carrying cases to that court, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." While the bill of exceptions does not specifically assign error on the refusal to grant a nonsuit, it is apparent from the bill of exceptions itself that this ruling is the real question which the plaintiff in error desires this court to pass upon. Accordingly the bill of exceptions will not be dismissed.

2. The plaintiff's evidence submitted before the motion for a nonsuit was made substantially proved the case as laid in the petition, and the court did not err in overruling the motion.          *Judgment affirmed.*

DECIDED JULY 29, 1915.

Action for damages; from city court of Richmond county— Judge W. F. Eve. September 21, 1914.

*William H. Barrett,* for plaintiff in error.

*Isaac S. Peebles Jr., H. A. Woodward, C. H. & R. S. Cohen,* contra.